## SUPREME COURT.

### LUCAS agt. JOHNSON AND OTHERS.

Where process in the nature of a fi. fa. was issued against several defendants to collect the costs ordered on the denial of a motion; and it appeared that one of the defendants had died previous to making the motion, which was no where noticed, either in the motion papers or process issued (which was against all), *held,* that the surviving defendants could not·avail themselves of the objection. of such death, to set aside the execution.

A *demand* of the costs ordered on a motion is not necessary before issuing process in the nature of a fieri facias for their collection. The Code does not regulate the manner of collecting such costs. They are therefore collected under the act of 1840, which does not require a demand.

*Ontario Circuit and Special Term, February* 1851. This case was an action of ejectment, in which the defendants recovered judgment for costs. On the third Tuesday in May 1850, at a special term held in Ontario county, a motion was made on behalf of the defendants, that the attorney for the plaintiff pay the costs adjudged against them, on the ground that the attorney was the owner of the alleged right of action; which motion was denied with $10 costs, to be paid by the defendants to the attorney for the plaintiff. The order denying the motion, bears date July 10, 1850, and was served on the attorney for the defendants on the 23d of the same month. On the 22d January 1851, the plaintiff's attorney issued an execution in the nature of a writ of *fieri facias* against the personal property of the defendants, to collect the ten dollars costs of opposing said motion. No personal demand of said ten dollars was made of the defendants, or either of them. There were, originally, seven defendants; one of whom, Thomas Noble, died about the first day of May 1850. A motion is now made to set aside the execution.

CHAS. J. FOLGER, *for the Motion.*

JNO. C. STRONG, *Opposed.*

WELLES, Justice. The motion is made upon the grounds,

1st. That one of the defendants died before the execution was issued, and is, in form, against all, including the one who is dead; and

Lucas agt. Johnson and others.

2d. That no demand was made of the defendants personally, or either of them, before the execution was issued.

With respect to the first ground, I think it ought not to prevail. The motion, upon the denial whereof, these costs were ordered to be paid, was made after the death of the defendant Noble, and appears to have been made by the survivors in the name of themselves and their deceased codefendant, without noticing his death. The effect of the decision of the motion in relation to the costs, was to order the surviving defendants to pay the ten dollars. It was inoperative and void as to the dead defendant. His representatives do not complain of the execution, and the living defendants have no just ground to complain on the ground that in form it is against the one who is dead, as well as themselves. So far as it is against him, it is a nullity; as, upon his death, his personal property vested in his legal representatives, and could not be levied upon by virtue of any process against him. The question is without a precedent, and I feel at liberty to decide it upon the general reason and good sense of the case. It can not, it seems to me be likened in this respect to the case of an execution upon a judgment. Before the law of 1847, abolishing the process of attachment and substituting the *fi. fa.* in its place, and when a demand of payment was necessary in order to bring the party into contempt, it would have been competent to issue an attachment against one of several persons who were ordered to pay costs, &c.; otherwise, cases might arise, where the party entitled to the costs would be remediless, as in case where one of such persons could not be found to demand payment of him. If the necessary steps were taken to bring one of them into contempt, process might issue against him alone. I however think it would have been more orderly and formal in this case, to have issued the execution against the defendants who are living, without including the one who is dead. But I regard it the merest matter of form, and nothing which can, in the least, prejudice the rights of the defendants who are living, whose duty it was to pay the costs of the motion.

In the next place, was a previous demand necessary, in order to authorize the execution?

Lucas agt. Johnson and others.

The act concerning costs and fees in courts of law and for other purposes, passed May 14, 1840, provides that all orders awarding costs upon granting or denying special motions, shall specify the amount of such costs; and where the order for the payment of costs, or any sum of money, upon a special motion, is not conditional, a precept to enforce payment of such costs or sum of money, may be issued without any demand or application to the court (*Laws of* 1840, *p*. 333, § 15). If this statute is not repealed, it is decisive of the question. I am not able to find that it has ever been, in terms, repealed. The 303d section of the Code comes the nearest to it. But that section no more repeals the above provision of the act of 1840, than it does the act of 1847, abolishing imprisonment for costs, and giving the process of execution against the personal property for their collection. The section of the code referred to, merely repeals " all statutes *establishing* or *regulating* the costs or fees of attorneys, solicitors and counsel, in civil actions." It does not, nor does the code any where, that I can find, interfere with or undertake to provide for or regulate the collection of the costs of motions, except it be § 315, which allows costs of motions, but does not provide for or regulate their collection. It has never been understood that the statutes referred to are repealed by the Code, any farther than they are inconsistent with, or superseded by its provisions (see § 471 of the *Code of* 1849).

Again; the act of 1847, after abolishing imprisonment for the non payment of interlocutory costs, ordered by the court to be paid, provides that process in the nature of a *fieri facias* against personal property, may be issued for the collection of such costs, *founded on such order of court* (*Laws of* 1847, *p*. 491, *ch*. 390, § 3). The *order of the court* is made the foundation of the execution or process in the nature of a *fieri facias*, and not the contempt of the party, in not paying the costs. I am, upon the whole, inclined to hold that a demand of payment, before issuing the process, in this case was not necessary. The motion is, therefore, denied; but the defendants are excused from paying the costs of opposing the motion, on the ground that they were war-

ranted in making it by what is said in *Monell's Practice*, 379 and 380; and by some expressions in the cases of Buzard vs. Gross (4 *How. Pr. R.* 23), and Eckerson vs. Spoor (*id.* 361). So far as those cases hold a demand necessary before the process can issue under the act of 1847, for the collection of costs, the decisions must have been made without reference to the act of 1840, above recited.